UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TONY MARTINEZ,

       Plaintiff,

  v.

THRIFTY PAYLESS, INC., dba
RITE AID CORPORATION, et al.

       Defendants.

No. 2:02-cv-0745-MCE-JFM

<u>MEMORANDUM AND ORDER</u>

----oo0oo----

Through the present motion, Plaintiff Tony Martinez ("Plaintiff") seeks attorney's fees and litigation expenses, pursuant to both state law and 42 U.S.C. § 12205 of the Americans with Disabilities Act ("ADA"), as a result of his October 11, 2005, acceptance of an Offer of Judgment submitted by Defendant Thrifty Payless, Inc. dba Rite Aid ("Rite Aid") in accordance with Federal Rule of Civil Procedure 68.

///

///

1

Under the terms of that Offer of Judgment, Rite Aid agreed to pay $6,001.00 in damages to Plaintiff, and further agreed to remedy certain Title III ADA violations, as alleged by Plaintiff, pertaining to Rite Aid's facility located at 831 K Street in Sacramento.  Plaintiff now requests $24,480.25 for fees incurred by various attorneys and paralegals and $9,914.82 for costs and litigation expenses, for a total of $34,395.07.  Rite Aid opposes the motion, claiming that the fees and expenses sought are excessive and unreasonable.

**BACKGROUND**

   This dispute arises from Plaintiff's claim that he encountered architectural barriers making it difficult or impossible for him to access various portions of Rite Aid's 831 K Street facility.  Plaintiff is a quadriplegic who requires the use of a wheelchair for mobility.

   Plaintiff filed this lawsuit against Rite Aid on April 10, 2002.  He has filed 48 similar cases in the Eastern District of California and one in the Northern District of California.

   On October 11, 2005, Plaintiff accepted Rite Aid's Offer of Judgment, which included provisions for both payment of damages in the amount of $6,001.00 as well as provisions for remediating Rite Aid's claimed ADA violations.  Plaintiff filed the instant motion for fees and costs after judgment was entered against Rite Aid on or about October 20, 2005.

///

///

1 **STANDARD**

3   Plaintiff's Complaint alleged violations of federal and California law.  Plaintiff's federal claim arose under the ADA, while his state law claims arose under California's Unruh Act, Cal. Civ. Code § 51, California Health & Safety Code § 19953, and the California Disabled Persons Act, Cal. Civ. Code § 54-55.

   Section 12205 of the ADA authorizes a court, in its discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ."  42 U.S.C. § 12205.  A prevailing plaintiff under a statute so worded "should recover an attorney's fee unless special circumstances would render such an award unjust."  Hensley v. Eckerhart, 461 U.S. 424, 429 (1976).  A plaintiff who enters a legally enforceable settlement agreement is considered a prevailing party.  Barrios v. Cal. Interscholastic Fed'n, 277 F.3d 1128, 1134 (9th Cir. 2002).

   Section 55 of the California Disabled Persons Act provides that "the prevailing party in the action shall be entitled to recover reasonable attorney's fees."  Cal. Civ. Code § 55.  Also, under California Health & Safety Code § 19953, "[a]ny person who is aggrieved or potentially aggrieved by a violation of this part . . . may bring an action to enjoin the violation.  The prevailing party in the action shall be entitled to recover reasonable attorney's fees."

///
///
///

3

**ANALYSIS**

Rite Aid does not dispute that Plaintiff, as the prevailing party in this litigation, may recover both attorney's fees, as well as litigation expenses and costs, in pursuing the instant case. Rite Aid nonetheless asserts that the Court should exercise its discretion in determining that, under the circumstances present, those fees and expenses should either be disallowed in their entirety or significantly reduced.

**A.  Attorney's Fees**

Rite Aid first asks the Court to follow the Central District's recent decision in Doran v. Del Taco, Inc., 373 F. Supp. 2d 1028 (C.D. Cal. 2005), which denied attorney's fees in an ADA case where the plaintiff, also represented by the Law Offices of Lynn Hubbard, had neither provided pre-litigation notice of his intent to sue nor afforded the defendant, prior to suit, a reasonable opportunity to cure any of the alleged violations.  As even the Doran court recognized, however, there is no Ninth Circuit precedent requiring an ADA plaintiff to provide notice before filing suit.  Id. at 1031.  Indeed, in Botosan v. Paul McNally Realty, 216 F.3d 827, 832 (9th Cir. 2000), the Ninth Circuit held squarely to the contrary. Moreover, as Doran further concedes, repeated efforts by Congress to amend the ADA to provide pre-suit notice have uniformly failed.  Id.
///

1 Consequently, even assuming Plaintiff failed to provide Rite Aid
2 with adequate notice of its ADA shortcomings before instituting
3 this lawsuit, the Court declines to rely on the reasoning of
4 <u>Doran</u> in altogether denying Plaintiff's instant request for
5 fees/expenses.
6     Rite Aid additionally urges this court to deny attorney's
7 fees based on the reasoning of <u>Peters v. Winco Foods, Inc.</u>, 320
8 F.Supp. 2d 1035 (E.D. Cal. 2004).  In that case, the court
9 ordered the plaintiff, again represented by the Law Offices of
10 Lynn Hubbard, to pay defendant's attorney's fees after finding
11 all but one of the plaintiff's claims frivolous.  <u>Id.</u> at 1041.
12 The court was additionally persuaded by the plaintiff's failure
13 to specifically identify any of the barriers he allegedly
14 encountered at the defendant's facility and the plaintiff's
15 abandonment of nearly all of the allegations contained in the
16 original complaint.  <u>Id.</u> at 1037-1038.  The court also noted that
17 the plaintiff had filed thirty identical complaints in that court
18 alone.  <u>Id.</u> at 1037.
19     Here, the Law Offices of Lynn Hubbard also failed to
20 identify in the instant complaint any of the barriers encountered
21 by Plaintiff Tony Martinez.  For this reason, Rite Aid asks the
22 court to follow <u>Peters</u> and exercise its discretion in denying
23 attorney's fees.  <u>Peters</u>, however, is clearly distinguishable
24 from the instant case.  In <u>Peters</u>, four of the five claims
25 ultimately asserted by Plaintiff were found frivolous and the
26 defendant was granted summary judgment on the remaining non-
27 frivolous claim.  <u>Id.</u> at 1038.
28 ///

On the other hand, Plaintiff entered into a legally enforceable settlement with Rite Aid and is thus considered a "prevailing party," see Barrios, 277 F.3d at 1134, presumably entitled to attorney's fees "unless special circumstances would render such an award unjust." Hensley, 461 U.S. at 433.

Although the Court understands Rite Aid's arguments, the Court believes there are no special circumstances here that would render an award of attorney's fees unjust. This Court must therefore determine the extent to which attorney's fees and litigation expenses are recoverable. In making that assessment, the Court must first identify the applicable "lodestar" for calculating attorneys' fees.

Under the lodestar method, a court multiplies the number of hours the prevailing attorney reasonably expended on the litigation by a reasonable hourly rate. See Hensley, 461 U.S. at 433; see also Ketchum v. Moses, 24 Cal. 4th 1122, 1132 (2001) (expressly approving the use of prevailing hourly rates as a basis for the lodestar). Courts may then adjust the lodestar to reflect other aspects of the case. See Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975); see also Serrano v. Priest, 20 Cal. 3d 25 (1977).

With respect to determining the appropriate hourly rate, courts generally calculate a reasonable fee according to prevailing market rates in the relevant legal community. Blum v. Stenson, 465 U.S. 886, 895 (1984). The general rule is that courts use the rates of attorneys practicing in the forum district, in this case, the Eastern District of California, Sacramento.

6

Gates v. Deukmejian, 987 F.2d 1392, 1405 (1993); Davis v. Mason County, 927 F.2d 1473, 1488 (9th Cir. 1991), cert. denied 502 U.S. 899 (1991).  The burden is on the fee applicant to produce satisfactory evidence that the requested rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Blum, 465 U.S. at 895 n.11.  A court will normally deem a rate determined this way to be reasonable.  Id.

In this case, Rite Aid does not dispute the $250.00 hourly rate sought on behalf of attorney Lynn Hubbard for Plaintiff as unreasonable.  (Opp., 15:17-20.)  Nor does Rite Aid question the $150.00 rate sought by associate attorneys Scott Hubbard and Adam Sorrels or the $75.00 hourly rate requested by Plaintiff for paralegal services.  Id.  The Court agrees and finds that the above-mentioned hourly rates constitute fair and reasonable compensation.

With respect to the number of hours reasonably billed, however, the Court finds that certain categories of claimed fees are unreasonable and will not be permitted.

**1.  Form Pleadings**

In opposing the reasonableness of Plaintiff's claimed charges for preparing documents that are literally the same in this case as in dozens of other cases also filed by Plaintiff's counsel, Rite Aid amply demonstrates that the Complaint, discovery, deposition notices and subpoenas issued in this case are no different from those generated by the myriad of other cases litigated by Plaintiff's counsel.

///

Plaintiff's counsel responds that the time entries have already been reduced to reflect only the time necessary to regenerate said documents. However, after analyzing the billing entries submitted by Plaintiff's counsel and the evidence presented by Rite Aid, the Court agrees that the claimed charges are not reasonable. For example, Plaintiff's counsel claims 1 hour to regenerate a complaint identical to other complaints he has filed in a myriad of other cases. The time to regenerate form-style pleadings alone accounts for approximately 18.9 hours in claimed attorney's fees. A total of 11.3 hours will be deducted from this total, corresponding to a $2,508.60 deduction in attorney's fees.[1] The remaining 7.6 hours will be billed at the associate rate, necessitating a further deduction of $540.[2]

### 2. Additional Alleged Overbilling

In addition to the excessive time billed for the filing of form-style pleadings, Rite Aid alleges additional overbilling based on duplicated billing entries and excessive time claimed for tasks previously performed by Plaintiff's counsel in dozens of other cases. Again, after analyzing the billing entries submitted by Plaintiff's counsel and the evidence presented by Rite Aid, the Court agrees.

---

[1] In reaching this figure, the Court notes that approximately 72 percent of the form-pleading hours claimed by Plaintiff were billed by lead attorney Lynn Hubbard at a $250 per hour rate. Therefore, the Court applies the $250 hourly rate to 72 percent of the hours deducted and the $150 hourly rate to the remainder.

[2] In line with the percentages indicated above, approximately 5.4 hours are applied to lead attorney Lynn Hubbard while the remaining 2.2 hours are attributable to associate attorney Scott Hubbard. Thus, 5.4 hours of lead attorney Lynn Hubbard's time is billed at the $150 per hour associate rate.

Consequently, a further deduction of $3,125 in attorney's fees is warranted.

### 3. Travel Time Between Chico and Sacramento

Although Plaintiff's counsel maintains offices in Chico, he seeks reimbursement for travel time to Sacramento. This is despite the fact, as Rite Aid points out, that Plaintiff's counsel has filed literally hundreds of cases in the Sacramento Division of the Eastern District within the last five years. No evidence has been presented suggesting that Plaintiff's counsel tries more cases in Chico than in Sacramento, or that Plaintiff's counsel maintains offices outside the Sacramento area for any reason other than his own convenience. Rite Aid should not be required to shoulder travel expenses to Sacramento, and $3,300.00 in claimed attorneys' fees for such travel will not be permitted.[3]

### 4. Clerical Tasks

Plaintiff seeks a total of $2,501.25 for services performed by paralegals in this case. While the Court will permit recovery of time expended by paralegals (see Shaffer v. Superior Court, 33 Cal. App. 4th 993 (1995)), secretarial costs are deemed by courts within this circuit to constitute overhead, or the cost of doing business, and are thus not separately reimbursable.

///
///
///

---

[3] Lead Counsel Lynn Hubbard claims 12 hours of travel to and from Sacramento at a rate of $175 per hour. Associate Counsels Scott Hubbard and Adam Sorrells claim 8 hours of travel to and from Sacramento at a rate of $ 150 per hour.

1  See, e.g., Loskot v. USA Gas Corporation, CIV. S-01-2125 WBS KJM
2  (E.D. April 26, 2004), citing In re Pac. Exp., Inc., 56 B.R. 859,
3  865 (Bkrtcy. E.D. Cal. 1985); In re Wepsic, 238 B.R. 845, 851
4  (Bkrtcy. S.D. Cal. 1999) (even though the attorney billed for
5  preparation of the service of the complaint at half her hourly
6  rate, the court disallowed the cost, finding that it was
7  secretarial in nature and therefor part of general overhead);
8  Connally v. Denny's Inc., CV-F 96-5521 SMS (E.D. Cal. Aug 10,
9  1999) (holding that administrative work was not recoverable).
10 Thus, to the extent that Plaintiff seeks reimbursement for
11 clerical expenses, the Court will disallow those costs.

12     Previously, in a similar ADA case involving Plaintiff's
13 counsel, this Court declined to engage in exhaustive analysis of
14 claimed paralegal expenses.  In that case Plaintiff's counsel
15 separated paralegal and clerical time, although defendants
16 alleged that some of the claimed paralegal time was actually
17 clerical in nature.  This Court allowed all paralegal time,
18 preferring not to parse out clerical or secretarial tasks.  In
19 this case, in which only paralegal time is claimed, it appears
20 that Plaintiff's counsel has reclassified some clerical tasks as
21 "paralegal" tasks in order to obtain reimbursement for non-
22 reimbursable expenses.  While the Court remains reluctant to
23 engage in exhaustive review of claimed paralegal expenses, the
24 Court nonetheless refuses to impose costs on Rite Aid for tasks
25 that are clearly clerical in nature.  For this reason, the Court
26 orders a $517.50 deduction in claimed paralegal expenses.
27 ///
28 ///

**B.   Litigation Expenses and Costs**

Plaintiff may recover, as part of the award of attorneys' fees in this matter, litigation expenses pursuant to 42 U.S.C. § 2205. The term "litigation expenses" in section 12205 has been interpreted to include "the same out-of-pocket expenses that are recoverable under 42 U.S.C. § 1988." Robbins v. Scholastic Book Fairs, 928 F. Supp. 1027, 1037 (D. Or. 1996). Under section 1988, Plaintiff may recover those out-of-pocket expenses that "would normally be charged to a fee paying client." Harris v. Marhoefer, 24 F.3d 16, 19 (9th Cir. 1994).

Plaintiff seeks a total of $9,914.82 in litigation expenses. Included in this amount is $5,075.00 allegedly incurred by Plaintiff for an expert site inspection and report prepared by Joe Card. Mr. Card's report consists of two parts: a series of photographs documenting Rite Aid's alleged ADA violations along with a description of how each alleged violation may be remedied, and an architectural plan prepared by ADC Consultants. Mr. Card's invoice charges $1,050 for the portion of the report he himself prepared and $4,025 for the work done by ADC Consultants. The Court will allow the $1,050 charged for Mr. Card's services, but rejects the $4,025 claim for the architectural plans prepared by ADC Consultants.

Because Mr. Card did not draw the architectural plans that were the basis of his report, it is unclear whether Plaintiff would be able to authenticate those plans at trial.

///

///

1  No one from ADC Consultants was identified by Plaintiff as a
2  trial witness, and Plaintiff has failed to indicate to the Court
3  just how he intended to authenticate the architectural plans.
4  More fatal to Plaintiff's claim, however, is the total lack of
5  specifics regarding the nature of the charges incurred.  While
6  the Plaintiff is entitled to litigation expenses as the
7  prevailing party, he carries the burden of establishing that such
8  expenses were reasonably incurred.  42 U.S.C. § 12205.  The
9  portion of Mr. Card's invoice pertaining to the work done by ADC
10 Consultants consists of a generic one-line reference and fails to
11 indicate exactly what ADC Consultants was paid for, how the
12 charges were computed, or how many hours were spent on the plans.
13 The invoice additionally contains an unexplained 15 percent
14 markup.  As a result, there is no way to determine whether the
15 charges claimed were reasonable, as they must be in order for
16 this Court to direct that they be paid by Rite Aid.

17       Finally, Plaintiff claims an additional $4,839.82 in
18 litigation expenses and costs.  The Court finds these expenses
19 reasonable, but notes that $2,119.50 of the amount requested was
20 already claimed by Plaintiff in his Bill of Costs.  That amount
21 will not be awarded twice and will also be subtracted.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**CONCLUSION**

Based on the foregoing, Plaintiff is entitled to reasonable attorney's fees in the amount of $14,489.15 and reasonable litigation expenses in the amount of $3,770.32, for a total of $18,259.47. Plaintiff will accordingly be awarded that amount.[4]

IT IS SO ORDERED.

DATED: February 2, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[4] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument. E.D. Local Rule 78-230(h).