UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TONY MARTINEZ,

         Plaintiff,

   v.

THRIFTY PAYLESS, INC., dba
RITE AID CORPORATION, et al.

         Defendants.

No. 2:02-cv-0745-MCE-JFM

ORDER

----oo0oo----

    Plaintiff Tony Martinez, as the prevailing party in this litigation, has filed a Bill of Costs, pursuant to 28 U.S.C. § 1920, in the amount of $2,119.50. Defendant Thrifty Payless, Inc. dba Rite Aid Corporation ("Rite Aid") has objected to certain portions of that costs bill.

    Under Federal Rule of Civil Procedure 54(d), the prevailing party in a lawsuit may recover its costs "unless the court otherwise directs". As this language suggests, the ultimate decision on whether to award costs is a matter within the court's discretion.

1

Association of Mexican-American Educators v. State of Calif., 231 F.3d 572, 591-92 (9th Cir. 2000).  If the court declines to award costs as requested by the prevailing party, however, it should specify its reasons for doing so.  Berkla v. Corel Corp., 302 F.3d 909, 921 (9th Cir. 2002).

Here the Court need only address the two specific items objected to by Rite Aid in response to Plaintiff's Bill of Costs.  Both objections pertain to costs claimed by Plaintiff for deposition transcripts and stem from the fact that Plaintiff's counsel took said depositions for the purpose of using them in multiple cases and not solely for the matter presently before the Court.

First, Rite Aid objects to Plaintiff claiming the entire cost of the Paul Ross deposition transcript.  Rite Aid points to the fact that Plaintiff's counsel took Mr. Ross's deposition not only for the instant case, but also for use in Peters v. Thrifty Payless, Inc. dba Rite Aid #6070, CIV. S-02-1645 WBS GGH (E.D. Cal. March 11, 2004), an entirely unrelated matter that Plaintiff's counsel was simultaneously litigating.  Indeed, while taking Mr. Ross's deposition, Plaintiff's counsel himself stated that he was acting in representation of both the Peters plaintiff and Plaintiff herein.  (Ross Dep., 4:21-22).  Consequently, because this should have only been charged for one half the cost of the Ross deposition transcript, the Court will deduct $98.13 from Plaintiff's claimed costs.

///
///
///

Similarly, Rite Aid objects to Plaintiff's attempt to recover the entire cost of the Robert Timberlake deposition because that deposition was taken for, and subsequently used in, four other cases. In support of its objection, Rite Aid again points to a statement made by Plaintiff's counsel in which he acknowledges that the Timberlake deposition is being taken in connection with his representation of five separate clients. (Timberlake Dep., 4:22-25). In addition, the invoice issued by Esquire Deposition Services indicates that the transcript was requested for use in multiple matters. (Pl.'s Bill of Costs, 12). Consequently, the cost of the deposition transcript must be divided among the five cases for which it was used. As such, $376.00 will be deducted from the $470.00 requested for the Timberlake deposition transcript.

Given the foregoing, costs are taxed in favor of Plaintiff as stated in his Bill of Costs, except $474.13 is deducted from the costs claimed for the deposition transcripts. Total costs are hence awarded in the sum of $1,645.37.

IT IS SO ORDERED.

DATED: February 7, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE